RENDERED: JULY 10, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-1037-MR

JASON MILLS; JAYLA DILBECK;　　　　　　　　　　　APPELLANTS
LISSA MILLS; AND LOGAN MILLS


　　　　　　　　　APPEAL FROM JEFFERSON CIRCUIT COURT
v.　　　　　　　　HONORABLE SARAH E. CLAY, JUDGE
　　　　　　　　　ACTION NO. 25-CI-000013


VALHALLA GOLF PARTNERS, LLC,
D/B/A VALHALLA GOLF CLUB;
AMERICAN ZURICH INS. CO.;
CORNERSTONE PARKING GROUP,
INC; FULLINGTON TRAILWAYS,
LLC; PGA TOURNMENT
CORPORATION, INC;
PROFESSIONAL GOLFERS
ASSOCIATION OF AMERICA, INC.
A/K/A THE PGA OF AMERICA;
TAMARA CHAPMAN; THE
CONVENTION STORE, INC., D/B/A
TCS TRANSPORTATION; AND THE
PGA CORPORATION　　　　　　　　　　　　　　　　APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, EASTON, AND KAREM, JUDGES.

EASTON, JUDGE:  In this wrongful death case, the circuit court dismissed the loss of parental consortium claims of the Appellants for failure to state a claim upon which relief may be granted.  CR[1] 12.02(f).  The circuit court made that otherwise interlocutory decision final for purposes of this appeal pursuant to CR 54.02(1).  We review this legal conclusion *de novo*.  *Fox v. Grayson*, 317 S.W.3d 1, 7 (Ky. 2010).  We are again[2] asked to expand the loss of parental consortium claim provided by KRS[3] 411.135 or the common law pertaining to adult children.  We affirm the circuit court.

## BACKGROUND

On May 17, 2024, John Mills was struck by a bus and killed while attending a golf tournament.  The personal representatives of John's estate brought this wrongful death action.  John's widow Donna made a claim for loss of consortium as did his four children.  It is conceded by the Complaint that all four children are adults over the age of 18.

## ANALYSIS

---

[1] Kentucky Rules of Civil Procedure.

[2] We were recently asked to declare KRS 411.135 unconstitutional because there was no rational basis for distinguishing minor children from adult children.  That case presented the converse of a parent seeking consortium for the death of an adult child rather than a claim by an adult child for the loss of a parent as in the present case.  We rejected the constitutional claim in *Louisville Cement Assets v. Snyder*, Nos. 2023-CA-1383-MR & 2024-CA-0007-MR, 2026 WL 1623047, at *16-20 (Ky. App. Jun. 5, 2026), *petition for reh'g filed* (Jun. 25, 2026).

[3] Kentucky Revised Statutes.

Under the common law, there was no claim for wrongful death. Loss of consortium was a separate claim in personal injury cases and to some extent allowed. Consortium claims between spouses and for a parent due to loss of a child was limited to proven interruption in the relationship before death. It had no application when death was essentially immediate as in the present case. *See Eden v. Lexington & F. R. Co.*, 53 Ky. 204 (1853).

The Court in *Eden* invited legislative action to regulate this subject. Taking the hint, a wrongful death statute was promptly enacted, which still exists. *See* KRS 411.130.

At the time of the convention to craft our current state constitution, a recent case had caught the attention of the delegates. In *Henderson Administrator v. Kentucky Central Railroad Co.*, 5 S.W. 875 (Ky. 1887), our then highest court recognized that a statute permitted recovery of punitive damages for wrongful death but identified problems with the statutory scheme as to who could make that claim and recover the damages.

Again, taking the hint, the delegates discussed and passed[4] Section 241 of the Kentucky Constitution enacted in 1891. Section 241 protected the right to recover damages resulting from wrongful death but also provided: "The General Assembly may provide how the recovery shall go and to whom belong[.]"

---

[4] 4 Debates, Constitutional Convention 1890, 4686-87, 4715-20 (1890).

Soon after the adoption of this Constitution, our courts recognized that the legislature had essentially occupied the field as to who could recover what damages arising from a wrongful death, and this impacted the common law consortium claims. *See Louisville & N. R. Co. v. McElwain*, 34 S.W. 236 (Ky. 1896) (if a wrongful death action was maintained for the benefit of the husband of a deceased wife, then the husband could not maintain a separate claim for loss of consortium).

But Section 241 must be considered along with other constitutional provisions. Section 14 guarantees "remedy by due course of law" for any injury to a person. And Section 54 states: "The General Assembly shall have no power to limit the amount to be recovered for injuries resulting in death, or for injuries to person or property." How is the potential tension among these provisions to be resolved? We find this answer in how the spousal loss of consortium claim evolved in Kentucky.

Under the common law, only the husband had a right to recover damages for the loss of the services of his wife. This antiquated if not embarrassingly paternal view of women had to go. The courts acted first by recognizing as a matter of common law that the right to consortium for spouses had to become reciprocal. *Kotsiris v. Ling*, 451 S.W.2d 411 (Ky. 1970). Within months, the legislature agreed to this result and codified it in KRS 411.145. This

-4-

codification rendered moot to some extent any question of the authority of the courts to have altered spousal consortium in the context of wrongful death.

The language of KRS 411.145 was silent as to the duration of the consortium loss. Did it end with the death of the injured spouse or continue after death? In *Martin v. Ohio County Hospital Corporation*, 295 S.W.3d 104 (Ky. 2009), the Court recognized that an "enacted statute supersedes the common law." *Id*. at 111. But the Court took the silence in the statute as not limiting the loss of spousal consortium to only the period before death. In other words, a common law clarification on this point did not contradict the statute, and older cases were overruled to allow damages for the loss experienced after the death of the injured spouse.

The loss of parental consortium took a different legal path. The legislature acted first with the enactment of KRS 411.135 in 1968. The statute says: "In a wrongful death action in which the decedent was a minor child, the surviving parent, or parents, may recover for loss of affection and companionship that would have been derived from such child during its minority, in addition to all other elements of the damage usually recoverable in a wrongful death action."

Before we proceed further with our analysis of this statute, an important distinction must be recognized between it and KRS 411.145. KRS 411.145 addresses spousal consortium as a separate claim from the statutory

wrongful death claim. KRS 411.135 creates the right to parental consortium as an integral part of the wrongful death claim.

The limits of Section 241 of the Constitution would be tested in *Giuliani v. Guiler*, 951 S.W.2d 318 (Ky. 1997). In *Giuliani*, the bare majority of the Court dismissed the well-reasoned constitutional concerns of the dissent to recognize the right of minor children as well as parents to recover for loss of consortium. As in *Kotsiris*, the basis for the decision was reciprocity of remedy.

Some words of warning appear in the majority opinion in *Giuliani*. The Court conceded that public policy is declared by the legislature through statutes, and that the courts should act to advance the common law only when the legislature has been silent on the subject. *Id*. at 321. The Court in *Giuliani* did *not* rewrite the statute in the context of the minority of the child requirement. The legislature had not been silent on this limitation.

Ever since *Giuliani*, claimants have advocated further expansion to allow adult children to recover for the loss of consortium of their parents. Soon after *Giuliani*, this Court rejected that argument. We first recognized the authority of the legislature to regulate who should recover what in cases of wrongful death, and we saw no statutory language to "finesse" with Section 241 of the Constitution to achieve reciprocity as was accomplished in *Giuliani*. *Clements v. Moore*, 55 S.W.3d 838, 840 (Ky. App. 2000). This Court rejected the further contention that

the common law should be expanded for this claim, leaving such an important matter to our Supreme Court or the legislature. *Smith v. Vilvarajah*, 57 S.W.3d 839 (Ky. App. 2000).

The Appellants insist that *dicta* in *Martin* encourages recognition of parental consortium for adult children. Getting past the fact that any comments about KRS 411.135 in *Martin* are clearly *dicta* not entitled to precedential weight, there is a difference between spousal and parental consortium claims as we have explained. We have also clearly rejected this argument in *Pauly v. Chang*, 498 S.W.3d 394, 414-15 (Ky. App. 2015). Our Supreme Court decided that *Pauly* would be published and become precedential, and neither that Court nor this one has questioned its continued validity as precedent. Having revisited the analysis in *Pauly*, we find nothing lacking in it and no reason to reconsider the result.

Appellants ask Kentucky courts to get in line with other states which allow recovery of parental consortium for adult children. But they have presented no case with the same constitutional and statutory provisions as Kentucky. Certainly, many states allow such a claim, while some do not. *See generally* Marjorie A. Shields, Annotation, *Adult Child's Right of Action for Loss of Parental Consortium*, 12 A.L.R.6th 241 (2006).

From the foregoing analysis, we believe that the legislature has spoken clearly to limit parental consortium, reciprocal or not, to the loss of minor

children or the loss such minor children themselves experience. The courts should hesitate to enter the fray to expand the common law in this area. Whether by the legislature or the courts, there are considerations which counsel against such expansion.

The law necessarily involves drawing lines for what is allowed and what is not. With the advent of no-fault divorce, the so-called "nuclear family" of two married biological parents with their children has officially become the exception more than the rule.[5] This makes the drawing of any line for such claims more complicated.

For example, some of our sister states have understandably recognized a loss of parental consortium for the benefit of a disabled adult child.[6] *See Belcher v. Goins*, 400 S.E.2d 830 (W. Va. 1990). On the other hand, in a wholesale rejection of parental consortium, another court has identified the challenge: "Would such a claim be just as valid for an injured aunt, uncle, or friend, especially if they are guardians or stand in *loco parenti*? The possibilities are endless." *Lewis v. Rowland*, 701 S.W.2d 122, 124 (Ark. 1985).

---

[5] Juliana Kaplan, *The American Nuclear Family is Officially Over*, Bus. Insider, (Sep. 16, 2023), https://www.businessinsider.com/american-marriage-family-structure-kids-over-2023-9.

[6] There is no indication that any of the Appellants are adults with special needs provided by a parent despite the child's chronological age.

Indeed, we can think of more possibilities. Should the claim apply to all step-parents, even if the deceased person acted in that capacity for only a short time during one of multiple marriages? After all, a child may be able to show a particularly close relationship with one or more of several step-parents. Many children today are being raised by grandparents, even without official status as legal custodians. Should we draw the line to include only those who satisfy the status of *de facto* custodians?

If loss of parental consortium is to be expanded to all adult children, as requested here, we believe this is first a matter for the legislature. To the extent we are asked to redraw the line as a matter of common law, we decline to do so.

## CONCLUSION

The circuit court correctly dismissed the claims of the Appellants for failure to state a claim under Kentucky law upon which relief can be granted and is AFFIRMED.

ALL CONCUR.

BRIEFS FOR APPELLANTS:

Chadwick N. Gardner
Tyler Stewart
Savannah R. Nolan
Prospect, Kentucky

Ann B. Oldfather
R. Sean Deskins
Michael R. Hasken
Louisville, Kentucky

BRIEF FOR APPELLEE
CORNERSTONE PARKING
GROUP, INC:

W. Douglas Kemper
Louisville, Kentucky

BRIEF FOR APPELLEES
THE CONVENTION STORE AND
PGA CORPORATION:

Chadwick A. Wells
Louisville, Kentucky

BRIEF FOR APPELLEES
TAMARA CHAPMAN AND
FULLINGTON TRAILWAYS, LLC:

John J. Garvey, III
Fort Mitchell, Kentucky